IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANDREA O. COLLINS** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:03CV956 LG-RHW** |
| | § | |
| **GULFPORT SURGERY CLINIC,** | § | |
| **PLLC, F/K/A GULF COAST** | § | |
| **SURGICAL ASSOCIATES** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [67] filed by Defendant Gulfport Surgery Clinic, PLLC. Plaintiff has filed a response, and the Defendant a reply. After due consideration of the submissions, it is the Court's opinion that Plaintiff has failed to show that there is a question of material fact for the jury. Summary Judgment will therefore be granted.

DISCUSSION

Plaintiff filed this medical malpractice negligence action against her surgeon, Dr. Killebrew, his medical practice entity (Coast Surgical Associates, PLLC), and Gulfport Surgery Clinic, PLLC ("GSCP"). Due to Dr. Killebrew's subsequent bankruptcy proceedings, he and his professional limited liability company, Coast Surgical Associates, PLLC, were dismissed from this lawsuit, leaving only GSCP. GSCP now requests summary judgment on the basis that it has no vicarious liability for Dr. Killebrew's negligence because he was not an employee or an agent of GSCP.

The surgery which gave rise to Plaintiff's claims took place in March 2002, when Plaintiff appeared at the Biloxi UrgiCare clinic of Memorial Hospital at Gulfport with complaints

of abdominal pain. Upon evaluation by a physician there on March 2, 2002, Plaintiff was referred to the Emergency Department of Memorial Hospital at Gulfport, where she presented herself for treatment later the same morning. The emergency physician sought a surgical consult from the on-call surgeon for that day, who was Dr. Killebrew. Plaintiff had never been under Dr. Killebrew's care prior to March 2, 2002. Dr. Killebrew performed Plaintiff's surgery on March 4, 2002.

It appears from the undisputed evidence that until 2001, Dr. Killebrew practiced with another surgeon under the name of Gulf Coast Surgical Associates, PLLC. In 2001, Dr. Killebrew and the other surgeon each formed their own professional limited liability companies, which jointly owned a bookkeeping and billing limited liability company called Gulf Coast Surgical Associates, LLC, the former name of Defendant GSCP. The LLC was created by re-purposing the PLLC, *see* Def. Exh. "F,"going from a professional limited liability company employing surgeons to a limited liability company employing bookkeepers and related personnel.

In March 2002, Dr. Killebrew was an employee of his own professional limited liability company, Coast Surgical Associates, PLLC. He was not an employee of Defendant GSCP, and Plaintiff does not argue otherwise. Instead, the Plaintiff contends that Dr. Killebrew was an apparent agent of GSCP. Whether Dr. Killebrew was an apparent agent of GSCP turns on a ten-factor test first set out in *Kisner v. Jackson*, 132 So. 90 (Miss. 1931), which tries to understand "the relationship between a direct actor who allegedly caused some damage to a plaintiff and other possible parties who should share in liability." *Kossuth Trucking, Inc. v. Caterpillar, Inc.*, 941 So.2d 903, 907 (Miss. App. 2006). The issue of whether there was a sufficient relation between Dr. Killebrew and GSCP is a question of fact. *Miller v. Shell Oil Co.,* 783 So.2d 724,

-2-

727 (Miss. App. 2000). Yet summary judgment is proper unless there are disputed issues of material fact. *Id.,* citing *Kossuth Trucking*, 941 So.2d at 910.

The ten factors which are important in determining apparent agency are: 1) Whether the principal master has the power to terminate the contract at will; 2) whether he has the power to fix the price in payment for the work, or vitally controls the manner and time of payment; 3) whether he furnishes the means and appliances for the work; 4) whether he has control of the premises; 5) whether he furnishes the materials upon which the work is done and receives the output thereof, the contractor dealing with no other person in respect to the output; 6) whether he has the right to prescribe and furnish the details of the kind and character of work to be done; 7) whether he has the right to supervise and inspect the work during the course of the employment; 8) whether he has the right to direct the details of the manner in which the work is to be done; 9) whether he has the right to employ and discharge the subemployees and to fix their compensation; and 10) whether he is obliged to pay the wages of said employees. *Kisner v. Jackson*, 132 So. at 91.

Plaintiff asserts that the following *Kisner* factors exist in this case: 1) GSCP generated the bills for Dr. Killebrew's services and paid his salary; 2) GSCP furnished the means and appliances for Dr. Killebrew's work; 3) GSCP furnished the materials upon which the work was done and received the output thereof by taking in receipts, paying bills and providing support staff for Dr. Killebrew. However, Plaintiff fails to provide a link between the evidence in the record and these assertions. In order to successfully oppose summary judgment, Plaintiff is required to "identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] [her] claim." *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994),

citing *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 506 U.S. 825 (1992); *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1443 (5th Cir. 1993).

After examining the evidence submitted by Plaintiff, the Court finds nothing which shows that GSCP controlled any part of Dr. Killebrew's work. His prescription pad (Pl. Exh. 1) and notes written on Memorial Hospital at Gulfport's forms (Pl. Exh. 2, 3, 5 and 6) are not probative of Dr. Killebrew's relationship with GSCP. Plaintiff's Exhibit 4, Gulf Coast Surgical Associates' bill to the Plaintiff for Dr. Killebrew's services, standing alone, does not establish that the Defendant GSCP had the power to fix the price for Dr. Killebrew's work - one of the *Kisner* factors. Instead, this evidence is consistent with the stated purpose of GSCP as it existed in 2002; to provide bookkeeping and billing services to Dr. Killebrew and other doctors. *See* Def. Exh. "F." Thus, the Court concludes that Plaintiff has failed to show the existence of a question of material fact for the jury regarding Defendant's liability for Dr. Killebrew's negligence. Summary judgment in favor of the Defendant will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [67] filed by Defendant Gulfport Surgery Clinic, PLLC is **GRANTED**. Plaintiff's claims against the Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 19th day of September, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE